IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DARRELL WILLIAM PATTEN, a.k.a. DARRELL WILLIAM PATTUM, | Case No. 3:14-cv-00832-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS; DR. SNYDER, sued in his official and individual capacity; and DR. PAULSON, sued in his official and individual capacity, | |
| Defendants. | |

**BECKERMAN, Magistrate Judge.**

Plaintiff Darrell William Patten ("Plaintiff"), a former inmate in the Oregon Department of Corrections ("ODOC"), suffered an ankle injury while playing a pick-up basketball game at the Columbia River Correctional Institution ("CRCI"). Unhappy with the medical treatment he received from ODOC and its two treating physicians (collectively, "Defendants"), Patten filed the present action on May 20, 2014, alleging violations of his rights under the Eighth and Fourteenth Amendments, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.

PAGE 1 – OPINION AND ORDER

On June 1, 2016, Defendants moved for summary judgment on Plaintiff's claims, arguing, *inter alia*, that Plaintiff failed to exhaust his administrative remedies before filing a court action to redress prison conditions or occurrences, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Court attempted unsuccessfully to appoint *pro bono* counsel to assist Plaintiff in responding to the pending motion for summary judgment. Thereafter, Plaintiff chose not to respond to the motion, despite the Court providing him several months and multiple opportunities to do so.

The parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). (ECF No. 80.) The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. For the reasons explained below, the Court grants Defendants' motion for summary judgment (ECF No. 95).

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (citations omitted). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## II.  DISCUSSION

"The PLRA requires prisoners to exhaust available administrative remedies prior to filing a . . . lawsuit challenging prison conditions." *Draper v. Rosario*, 836 F.3d 1072, 1078 (9th Cir. 2016) (citations omitted). In *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), the Ninth Circuit held that the defendant bears the burden of proving that an administrative remedy was available to the prisoner and that he failed to exhaust such remedy, because non-exhaustion is an affirmative defense. *Id.* at 1172. "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The proper procedure for raising non-exhaustion, as clarified in *Albino*, is by moving for summary judgment. *Id.* at 1169-71.

Defendants argue that they are entitled to summary judgment on Plaintiff's claims because he failed to exhaust his administrative remedies, as required by § 1997e(a). As support for their argument, Defendants rely on the declaration of Jennifer Carsner ("Carsner"), CRCI's Executive Support and Public Information Officer and a custodian of records for ODOC. According to Carsner, Plaintiff could have sought administrative review of his medical treatment issues through established grievance procedures.[1] (Carsner Decl. ¶ 5.) However, the only grievance that could arguably be construed as concerning the issues presented in this case (CRCI-2014-01-024) (alleging that staff wrongfully took away Plaintiff's crutches) was not fully exhausted. (*See* Carsner Decl. ¶¶ 8-10, 17-19; Defs.' Mot. at 5-6, 9-10.) Thus, Defendants have met their burden of demonstrating that an administrative remedy was available to Plaintiff and

---

[1] Plaintiff is familiar with prison grievance procedures, having filed twenty-nine grievances between August 30, 2013, and February 6, 2014. (*See* Carsner Decl. ¶ 11.)

that he failed to exhaust such remedy. Accordingly, Defendants are entitled to summary judgment because Plaintiff has failed to come forward with evidence showing that existing and generally available administrative remedies were effectively unavailable to him.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 95) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of March, 2017.

_____
STACIE F. BECKERMAN
United States Magistrate Judge